**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

SHELLY A. STORVES,

        Plaintiff,

-vs-

                                         Case No.  2:10-cv-274-FtM-36SPC

THE ISLAND WATER ASSOC., INC.,
a Florida non-profit corporation, and
WILLIAM E. ISLER,

        Defendant.

_____

**ORDER**

      This matter comes before the Court on Plaintiff's Motion to Compel Production from Defendant, The Island Water Assoc., Inc., and from Third-Party Roger Blind (Doc. #53) filed on April 4, 2011.  The Defendant filed their response in opposition to Plaintiff's motion (Doc. #54) on April 18, 2011.  This Motion is therefore ripe for review.

      The Plaintiff is asking this Court to overrule Defendant's objections to its First Request for Production and compel Defendant to answer requests #2, 3, 4, 5, 11, and 27.  The Plaintiff also asks this Court to declare Defendant's privilege log and confidentiality objections as untimely (and thus waived) and also to order Third-Party Roger Blind to remove the redactions from the documents he produced to Plaintiff.

**Background**

      In the Second Amended Complaint, Plaintiff alleges sex discrimination based on unequal pay and retaliation for complaining to her former employer, The Island Water Association ("IWA"), about unequal pay.  IWA is a small, member-owned, not-for-profit public water utility

that supplies potable drinking water to Sanibel and Captiva Island, Florida.  IWA employed 30 employees at the time of Storves' termination, and currently employs 28 employees.  She filed suit under the Equal Pay Act, the Florida Civil Rights Act, Title VII of the Civil Rights Act of 1964, and the Lee County Anti-Discrimination Ordinance.  (Doc. #34).  Plaintiff had previously been employed with Defendant, IWA, from 1989 to January 2003, when she voluntarily resigned to sail the Pacific Ocean with her husband.  Storves began her employment with IWA in 1989 as an Engineering Aide and she held different positions until she voluntarily resigned.  Her employment at IWA was reinstated on June 18, 2007, although she was in a different position (Engineering Manager) and under a different supervisor.  She worked at IWA until her termination on March 9, 2009.  *Id.* at ¶8.

## <u>Discussion</u>

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1).  Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case.  <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978).  Discovery requests are not only limited to the issues raised in the pleading, nor limited only to evidence that would be admissible at trial.  <u>Id.</u>  However, "discovery, like all matters of procedure, has ultimate and necessary boundaries."  <u>Id.</u>  "Courts have long held that '[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore a matter which does not presently appear germane on the theory that it might conceivably become so.'"  <u>Henderson v. Holiday CVS, L.L.C.</u>, 2010 U.S. Dist. Lexis 80660 at *6 (S.D. Fla. Aug. 9, 2010) (quoting <u>Food Lion, Inc. v. United Food & Commercial</u>

Workers Intern. Union, 103 F.3d 1007, 1012–13 (D.C. Cir. 1997)). "[T]he Federal Rules of Civil

Procedure allow for broad discovery that does not need to be admissible at trial." Martin v. Zale

Delaware, Inc., 2008 WL 5255555, *2 (M.D. Fla. Dec. 25, 2008) (citing Fed. R. Civ. P. 26(b)).

### *Plaintiff's First Request for Production #3*

**Request No. 3:**   Records reflecting the identity, gender, current and/or last known address(es), e-mail address(es), and telephone numbers of each individual employed by you during the relevant period (whether or not still employed).

**IWA's Objections/Response to Request No. 3:** Island Water objects to Plaintiff's definition of "relevant period," as it *(sic)* in time to the extent that it includes the time period from when it "first hired Plaintiff through the present."  Specifically, Plaintiff worked for Island Water from 1990 to 2002, and again from June 18, 2007, to March 9, 2009.   Based on Plaintiff's causes of actions under Title VII, the EPA, and the Lee County Ordinance, only her second tenure of employment is relevant.  As such Island Water asserts this specific objection to Request for Production Nos. 1, 3-12, 24-25.

Island Water objects to producing any documents protected from disclosure by the attorney-client privilege and/or the work-product doctrine.  Any documents protected from disclosure under such privileges and/or doctrine shall not be disclosed, and the phrase "non-privileged documents" shall refer to documents not protected from disclosure under such privileges and/or doctrine.

On September 8, 2010, counsel for the parties had a telephone conference to discuss the scope of several of Plaintiff's discovery requests (Request Nos. 1-5 and 11).  Plaintiff's counsel indicated that the request was being made to obtain information that is likely to lead to evidence that other female employees may have been discriminated and/or retaliated against by Island Water, and as such, this information (if it existed) would be relevant to proving Plaintiff's claims.  Plaintiff's counsel also provided several cases in support of the position.  Upon reviewing the cases, Island Water objects to the scope of these requests (Request Nos. 1-5 and 11) as they are not reasonably related to Plaintiff's causes of action (sex discrimination and/or retaliation), nor do they consider the level of position held by Plaintiff (Engineering Manager), the decision-maker(s) involved, the department in which Plaintiff worked, the FLSA classification or the employees (exempt versus non-exempt), or the type of procedure and/or practice used to determine employee compensation.

Notwithstanding the above objections, Island Water has produced organization charts (which were previously provided to Plaintiff's counsel on September 2, 2010), which demonstrate the organizational structure of Island Water during Plaintiff's second tenure of employment, and which also contains the names of employees working for Island Water during Plaintiff's former employment.  Island Water states that the following individuals reflected on the four organization charts are women: Plaintiff (6412 Pine

Avenue, Sanibel, Florida 33957); Karen Warrick (7864 Buccaneer Drive, Ft. Myers Beach, Florida 33931); and Janet Krisman (6181 Forest Village Circle, Ft. Myers, Florida 33908).  (REDACTED).

At the outset, this Court must determine what is the "relevant time period" for purposes of discovery.  Plaintiff defines the "relevant period" as the date Plaintiff was first hired in 1989 through the present.  (Doc #53-1 at 5).  She contends that given the relatively small size of the company and short tenure of her second employment, she needs documentation from a larger period of time to get sufficient statistical evidence.  (Doc. #53 at 5, 10-18).  She further contends that this specific time period is appropriate since "Defendant put both periods of Plaintiff's employment at issue."  *Id.* at 5.  Defendant objects to this definition of "relevant period" as overbroad, and contends that the relevant time period is June 2007 to March 2009 (the time period of her second tenure of employment).  Defendant argues that "Plaintiff's counsel concedes that Plaintiff 'did not include any claims/counts that are based [on her first tenure of employment].'"  (Doc. #54 at 4).

There is no set temporal scope of discovery in the Eleventh Circuit.  Both Plaintiff and Defendant cite case law suggesting that the norm is anywhere between two and five years.  See Pl. Br. at 17 (citing Mawulawde v. Bd. of Regents of Univ. Sys. of Georgia, Case No. CV-105-099, 2009 WL 3753986, *10 (S.D. Ga. 2009)); Def. Br. at 5 (citing Williams v. The Art Inst. of Atlanta, No. 1:06-CV-0285-CC/AJB, 2006 U.S. Dist. LEXIS 62585, at *11 n. 1 (N.D. Ga. Sept. 1, 2006)).  In this case, Defendant has already provided Plaintiff with some documentation going back as far as 2000.  Defendant has also stated in its response in opposition to Plaintiff's Motion for Preliminary Injunction that "[t]hroughout both Storves' tenures of employment, she regularly and repeatedly complained to IWA's General Managers (first Roger Blind ("Blind") and later Isler) regarding her perception that she was being 'underpaid.'"  (Doc. #32, at 3) (emphasis

added).   Defendant goes on to state that "[d]uring her 2 tenures of employment, Storves complained about being underpaid in writing approximately 9 times, and she made the same complaint verbally on many more occasions." Id.  Therefore, the Court finds that Defendant has put the time period of Plaintiff's first tenure with IWA at issue and documents from this time period are relevant.  The Court is not making any determination at this time as to whether these documents would be admissible at trial, rather, the Court's determination at this point is relevancy.

Consequently, the "relevant time period" as defined by this Court is from the first written complaint to IWA regarding unequal pay during Plaintiff's first tenure of employment through March 9, 2009, excluding the approximately 4-year period of time that she left employment with IWA to sail the Pacific Ocean with her husband, as Plaintiff was not an IWA employee at this time.

To the extent that Defendant has not already fully responded to Plaintiff's First Request No. 3, Defendant is ordered to produce the requested documents in accordance with the relevant time period as set forth by the Court above.

### *Plaintiff's First Request for Production #27*

**Request No. 27:** All correspondence and/or records of meetings and/or communications between Plaintiff and Defendant.

**IWA's Response:** Island Water objects to this request as it is overly broad in scope in that it requests "[a]ll correspondence and/or records of meetings and/or communications between Plaintiff and Defendant," without any regard to Plaintiff's claims of sex discrimination and/or retaliation.  Notwithstanding, Island Waters refers Plaintiff to its response to Request No. 1.  In addition, Island Water will produce all of Ronald Leavitt, Don DuBrasky, William Isler, Theodore Brown, Beau Stanley, and Roger Blind's email correspondence, for the period of January 1, 2007 through December 31, 2009, that references Plaintiff and/or that has been sent to or received from Plaintiff by these individuals.

Plaintiff agreed to the described limitation to Request No. 27.  However, Plaintiff now objects to Defendant's contention that it has produced all the responsive correspondence. Plaintiff claims that it is in possession of communication that falls within the amended scope of Request No. 27, but which was not in fact produced by the Defendant.  (Doc. #53 at 7).  Plaintiff requests that this Court order Defendant to produce all e-mails or to permit a computer forensics expert to examine Defendant's electronic storage devices.  The Defendant contends that it has deleted some of the requested e-mails in accordance with its normal retention and destruction schedule.  The Defendant points to the fact that Plaintiff currently possesses approximately 111 pages of the missing e-mails, indicating that she "does not appear to have been prejudiced by the inability to produce these e-mails."  (Doc. #54 at 10).

There is no law or court precedent compelling this Court to order Defendant to pay for a computer forensics examiner to attempt to recover e-mails deleted in good faith and in accordance with its normal retention and destruction schedule.  This Court agrees with the Defendant that such a procedure would be unwarranted and unduly burdensome.  Therefore, Defendant is ordered to produce the documents requested in No. 27 to the extent that it is currently in possession of them and has not provided them to Plaintiff.  Defendant need not hire a computer forensics examiner.

### *Plaintiff's First Request for Production #2, 4, 5, 11*

In Plaintiff's requests #4, 5, and 11, Plaintiff requests compensation records for all employees during the relevant time period, position descriptions for all employees during the relevant time period, and an Excel spreadsheet indicating compensation data during the relevant period, which Plaintiff describes as the date Plaintiff was first hired through the present.  In Plaintiff's request #2, Plaintiff requests personnel files for certain named individuals.  Plaintiff's

reasoning for each is identical, which is that Plaintiff needs statistical and/or historical evidence of systemic wage disparities between Defendant's male and female employees. Plaintiff argues she is entitled to discover this information because it is relevant to proving discriminatory and retaliatory intent as well as pretext.

Defendant objects that these requests are not reasonably related to Plaintiff's causes of action, nor do they consider the level of position held by Plaintiff, the decision makers involved, the department in which Plaintiff worked, the FLSA classification of the employees, or the type of procedure and/or practice utilized to determine employee compensation.

Defendant's objections are not well taken in that the Court believes that the compensation records requested are relevant. The Court will limit the production though. Plaintiff's request #2 is due to be granted and all information requested must be produced for the named individuals. Plaintiff's request #4 and 5 are due to be granted to the extent that only records responsive to request #4 shall be produced for the 19 employees listed in request #2 (to the extent not already provided in response to request #2). Plaintiff's request #11 is due to be denied as Plaintiff has made no showing that the information contained in an Excel spreadsheet regarding employee compensation and/or benefits for the relevant period would contain different information than what the Court has already ordered produced in the personnel files for the 19 individuals. At this point, the Court will not allow any production of compensation records beyond these 19 individuals. While the form and ease of reference of an Excel spreadsheet containing this information might be more convenient to Plaintiff, its production is not required.

### *Whether Defendant's Privilege Was Untimely and Waived*

Plaintiff asserts that in response to nearly every Request for Production Plaintiff made, Defendant objected to producing any documents under the attorney-client privilege or work-

product doctrine, which was improper.  Plaintiff also argues that Defendant waived its right to assert such privilege because it failed to timely produce a privilege log as required by Fed. R. Civ. Proc. 26(b)(5).

The Court finds that Defendant has not waived any privilege or work-product objections contained in its privilege log.  Plaintiff has not shown she has been prejudiced by any delay in production of the privilege log.  If Plaintiff has specific objections to the claim of privilege for certain documents, she is directed to meet and confer with Defendant regarding these objections.

### *Whether Defendant's Confidentiality Objections Were Untimely*

Plaintiff argues that Defendant should be compelled to provide all documents withheld based upon untimely objections of confidentiality.  Plaintiff asserts that Defendant withheld 95 documents on the basis of "confidentiality," "privacy," and/or "privileged business information" and it failed to timely make these objections when it filed its Initial Responses, nor did it move for a protective order.

Defendant responds that these documents were irrelevant private documents, which it communicated to Plaintiff as such, as they include pictures of an employee's newborn baby, communications between accountant auditors, and documents directly related to IWA employee deduction orders.  The Court finds that these documents as described are not privileged, but are nonetheless irrelevant, and Plaintiff has not been prejudiced by any non-production.  If Plaintiff still believes that some of these documents are relevant, she should meet and confer with Defendant in an effort to resolve those issues.

### *Whether Third-Party Roger Blind Should Be Compelled to Remove All Improper Redactions*

The Court finds that the issue of whether Roger Blind should be compelled to remove all improper redactions is not properly before the Court at this time as Plaintiff has failed to meet

and confer with Blind in an effort to resolve the redaction and confidentiality issues.  Notably, Blind previously requested that Plaintiff provide a list of documents that were improperly redacted so the parties could discuss production of the unredacted documents, but Plaintiff's counsel refused.  Further, both IWA and Blind agreed to produce unredacted copies of all the documents produced in response to the RFP and the Blind subpoena, provided Plaintiff execute a confidentiality agreement.  Plaintiff did not respond to this suggested solution.  Thus, the Parties are directed to meet and confer regarding this issue prior to moving for Court intervention.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion to Compel Production from Defendant, The Island Water Assoc., Inc. and from Third-Party Roger Blind (Doc. #53) is **GRANTED** in part and **DENIED** in part.

(2) Plaintiff's Motion to Compel Defendant to answer Request #3 is **GRANTED in part**. Defendant is directed to produce documents responsive to Request #3 for the time period from the first written complaint to IWA regarding unequal pay during Plaintiff's first tenure of employment through March 9, 2009, <u>excluding</u> the approximately 4-year period of time that she left employment with IWA.

(3) Plaintiff's Motion to Compel Defendant to answer Request #27 is **GRANTED in part and DENIED in part**.  Defendant shall produce documents responsive to Request #27 to the extent Defendant has not already done so.  Plaintiff's request that Defendant be ordered to permit a computer forensics expert to examine Defendant's electronic storage devices is **DENIED**.

(4) Plaintiff's Motion to Compel Defendant to answer Request #2 is **GRANTED.**

(5) Plaintiff's Motion to Compel Defendant to answer Request #4 is **GRANTED** to the extent that only records responsive to Request #4 shall be produced for the 19 employees listed in Request #2.

(6) Plaintiff's Motion to Compel Defendant to answer Request #5 is **GRANTED** to the extent that only records responsive to Request #5 shall be produced for the 19 employees listed in Request #2.

(7) Plaintiff's Motion to Compel Defendant to answer request #11 is **DENIED**.

(8) Plaintiff's Motion to Compel Roger Blind to remove all improper redactions is **DENIED**.

(9) Plaintiff's request for costs and attorneys' fees associated with attempting to obtain this discovery is **DENIED**.

(10)   Plaintiff shall have up to and including **May 20, 2011** to produce the documents as directed by the Court in this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___6th___ day of May, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record